UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY ECONOMUS,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>CITY AND COUNTY OF SAN FRANCISCO, et al.,<br><br>　　　　Defendants. | Case No. 18-cv-01071-HSG<br><br>**ORDER DENYING ADMINISTRATIVE MOTION TO FILE UNDER SEAL**<br><br>Re: Dkt. No. 39 |

Pending before the Court is Plaintiff Anthony Economus's administrative motion to file under seal Exhibit A to the Declaration of Patrick Buelna in support of Plaintiff's motion for leave to file Plaintiff's second amended complaint. *See* Dkt. No. 39 ("Mot."). For the reasons articulated below, the Court **DENIES** Plaintiff's motion.

**I.　LEGAL STANDARD**

Courts generally apply a "compelling reasons" standard when considering motions to seal documents. *Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 678 (9th Cir. 2010) (quoting *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006)). "This standard derives from the common law right 'to inspect and copy public records and documents, including judicial records and documents.'" *Id.* (quoting *Kamakana*, 447 F.3d at 1178). "[A] strong presumption in favor of access is the starting point." *Kamakana*, 447 F.3d at 1178 (quotations omitted). To overcome this strong presumption, the party seeking to seal a judicial record attached to a dispositive motion must "articulate compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure, such as the public interest in understanding the judicial process" and "significant public events." *Id.* at 1178–79 (quotations omitted). "In general, 'compelling reasons' sufficient to outweigh the public's

interest in disclosure and justify sealing court records exist when such 'court files might have become a vehicle for improper purposes,' such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets." *Id.* at 1179 (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978)). "The mere fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records." *Id.*

The Court must "balance[] the competing interests of the public and the party who seeks to keep certain judicial records secret. After considering these interests, if the court decides to seal certain judicial records, it must base its decision on a compelling reason and articulate the factual basis for its ruling, without relying on hypothesis or conjecture." *Id.* Civil Local Rule 79-5 supplements the compelling reasons standard set forth in *Kamakana*: the party seeking to file a document or portions of it under seal must "establish[] that the document, or portions thereof, are privileged, protectable as a trade secret or otherwise entitled to protection under the law . . . The request must be narrowly tailored to seek sealing only of sealable material." Civil L.R. 79-5(b).

Records attached to nondispositive motions, however, are not subject to the strong presumption of access. *See Kamakana*, 447 F.3d at 1179. Because such records "are often unrelated, or only tangentially related, to the underlying cause of action," parties moving to seal must meet the lower "good cause" standard of Rule 26(c) of the Federal Rules of Civil Procedure. *Id.* at 1179–80 (quotations omitted). This requires only a "particularized showing" that "specific prejudice or harm will result" if the information is disclosed. *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1210–11 (9th Cir. 2002); *see also* Fed. R. Civ. P. 26(c). "Broad allegations of harm, unsubstantiated by specific examples of articulated reasoning" will not suffice. *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992) (quotations omitted).

**II.  DISCUSSION**

Because these records are attached to a nondispositive motion, the Court will apply the lower good cause standard. Plaintiff seeks to file under seal Exhibit A, copies of incident reports from the San Francisco Police Department related to the underlying collision in this action. *See*

Mot. at 2. The only basis Plaintiff proffers for sealing is that "Defendant [ ] has designated the incident reports prepared in connection with Plaintiff's civil right injuries as 'CONFIDENTIAL.'" *Id*. Plaintiff's declaration in support of the motion similarly states that because Defendant alerted Plaintiff that the "police reports were designated in their entirety as 'CONFIDENTIAL,'" they therefore "should be re-filed under seal." Dkt. No. 39-2 ¶ 2. Plaintiff seeks to withhold Exhibit A in its entirety. Defendants did not file a declaration establishing that Exhibit A was sealable.

The Court finds that Plaintiff's cursory justification does not adequately plead a "particularized showing" of "specific prejudice or harm." *See Phillips*, 307 F.3d at 1210–11 (citation and quotations omitted); *see also* Fed. R. Civ. P. 26(c). The fact that Exhibit A is designated as "Confidential" is not sufficient to establish that a document is sealable. Civ. L. R. 79-5(d)(1)(A). "Confidential" is merely the parties' initial designation of confidentiality to establish coverage under the stipulated protective order. *See Verinata Health, Inc. v. Ariosa Diagnostics, Inc.*, No. 12-cv-05501-SI, 2015 WL 5117083, at *5 (N.D. Cal. Aug. 31, 2015) ("But good cause 'cannot be established simply by showing that the document is subject to a protective order or by stating in general terms that the material is considered to be confidential'") (quoting *Bain v. AstraZeneca LP*, No. 09-cv-4147, 2011 WL 482767, at *1 (N.D. Cal. Feb. 7, 2011)). Thus, Plaintiff's motion does not comply with Civil Local Rule 79-5(d)(1)(A). Withholding Exhibit A in its entirety also does not appear "narrowly tailored" to seal only sealable material, as required by Civil Local Rule 79-5. In addition, as the designating party for the materials in Exhibit A, Defendants did not comply with Civil Local Rule 79-5(e)(1), because it did not file a Declaration within four days of Plaintiff's motion. *See* Civ. L.R. 79-5(e)(1).

The Court therefore **DENIES** Plaintiff's motion. Pursuant to Civil Local Rule 79-5(f)(2), Plaintiff may file an unredacted version of Exhibit A or a new motion to seal within seven days of this Order according to the requirements discussed above.

**IT IS SO ORDERED.**

Dated: 3/27/2019

HAYWOOD S. GILLIAM, JR.
United States District Judge