UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

ANTHONY ECONOMUS,

Plaintiff,

v.

CITY AND COUNTY OF SAN FRANCISCO, et al.,

Defendants.

Case No. 18-cv-01071-HSG (DMR)

**ORDER TO PRODUCE DOCUMENT**

Re: Dkt. No. 59

The court held a hearing on January 24, 2019 on a number of discovery disputes, and issued rulings on the majority of them. Two issues were taken under submission, including the production of a report prepared by a San Francisco Park Ranger. For the reasons stated below, Plaintiff's motion to compel production of the report is granted.

On July 11, 2017, Economus took part in an annual downhill skateboarding event on a hill in San Francisco. Mot. at 1-2. Dozens of skateboarders participated, and police officers from the San Francisco Police Department ("SFPD"), including Defendant Flint Paul, were present. *Id.* at 2. Paul directed another officer to park his patrol car to partially block the road at the bottom of the downhill course. *Id.* This still left a gap large enough for skateboarders to pass between the car and the sidewalk. *Id.* Paul was standing near the gap when Economus skateboarded down the hill. *Id.* Economus attempted to skateboard through the gap between the patrol car and the sidewalk and collided with Paul, causing Economus to fall off his skateboard and sustain injuries. *Id.* at 3. Economus alleges that Paul deliberately shoulder-checked him and then walked away without providing assistance. *Id.* at 3-4.

San Francisco Park Ranger Jayel Whitted observed the incident and prepared an incident report ("Whitted Report"). The incident report was written on a form that was pre-marked as

"Confidential to City Attorney." Economus moves to compel the production of the Whitted Report. Defendants oppose on the basis that it is protected by attorney-client privilege. Economus contends that the report is not privileged, or in the alternative, that attorney-client privilege was waived when the report was released to the Department of Police Accountability and used in its investigation into Paul's conduct.

### 1. Legal Standard

The attorney-client privilege has eight essential elements: "1) where legal advice of any kind is sought; 2) from a legal adviser in his capacity as such; 3) the communications relating to that purpose; 4) made in confidence; 5) by the client; 6) are at his instance permanently protected; 7) from disclosure by himself or by the legal adviser; 8) unless the protection be waived." *In re Grand Jury Investigation*, 974 F.2d 1068, 1071 fn. 2 (9th Cir. 1992). "The party asserting the privilege bears the burden of proving each essential element." *United States v. Ruehle*, 583 F.3d 600, 608 (9th Cir. 2009)

### 2. Analysis

Defendants state that the claims department of the San Francisco Recreation and Park Department ("SFRPD") "collects incident reports from Park Rangers in order to evaluate potential claims against the City." Opp. at 18. They argue that since the purpose of the incident reports is to communicate confidential information between an attorney and a client, the attorney-client privilege attaches to the report. *Id.* Defendants submitted a declaration from Jeffrey Bramblatt, the Environment, Health and Safety Division Manager of the SFRPD. Bramblatt Decl. Bramblatt testifies that it is an SFRPD practice for employees to prepare reports documenting incidents involving personal injuries that may become claims or litigation involving CCSF. *Id.* ¶ 3. SFRPD treats the reports as confidential communications and marks them as "Confidential to City Attorney." *Id.*

Defendants have not met their burden to show that the attorney-client privilege attaches to the Whitted Report. Bramblatt's declaration establishes that reports such as the one prepared by Whitted are prepared as a matter of routine following incidents involving personal injuries. Bramblatt Decl. ¶ 3. There is no evidence that Whitted wrote the report in order to seek legal advice

2

from the City Attorney.  Upon in camera review, the court has determined that the report only conveys factual information regarding the incident, and is not a communication seeking legal advice. *See United States v. ChevronTexaco Corp.*, 241 F. Supp. 2d 1065, 1069 (N.D. Cal. 2002) ("At the outset, we note that the privilege protects *communications*, not underlying evidence.")

Nor is it sufficient that SFRPD treats the reports as confidential. *Molex v. City & Cty. of San Francisco*, No. 11-cv-1282-YGR (KAW), 2012 WL 1831640, at *3 (N.D. Cal. May 18, 2012) ("[Confidential] [t]reatment of an unprivileged document does not by itself create privilege."); *see also Marceau v. I.B.E.W.*, 246 F.R.D. 610, 613 (D. Ariz. 2007) ("The fact that attorneys were retained to prepare the Report and that the Report is marked as an attorney-client privileged document are not dispositive of the issue.  Rather what controls is the purpose of the activity.").

Accordingly, Defendants have not met their burden to establish that the Whitted Report is protected by attorney-client privilege.  The court therefore does not reach the question of whether the privilege was waived.  Defendants must produce the report to Economus by no later than April 1, 2019.

**IT IS SO ORDERED.**

Dated: March 28, 2019



Judge Donna M. Ryu
United States Magistrate Judge